# Court of Appeals
# of the State of Georgia

ATLANTA,  February 01, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0212. LEMARCUS ALLISON et al. v. CALCON MUTUAL MORTGAGE, LLC d/b/a ONETRUST HOMELOANS et al.**

Appellants Lemarcus Allison and LA Property Investments, LLC filed their brief in this action with a certificate of service signed by attorney Clifford E. Hardwick, IV. The certificate states:

> I hereby certify that I have on this day served a copy of the within and foregoing *BRIEF OF APPELLANTS* upon counsel of record to this matter via Statutory Electronic Mail. I certify that there is a prior agreement with Bret J. Chaness, Esq. to allow documents in a .pdf format sent via email to suffice for service[.]

Appellees have moved to dismiss the appeal on the ground that the attorneys had no prior agreement for electronic service and Hardwick did not accomplish service as required by our Court rules. In support of their motion, Appellees submitted the affidavit of their attorney, Chaness, who averred that he had not made any agreement with Hardwick to accept filings by electronic means (and, in fact, had never spoken to Hardwick "in any capacity about this matter or any other matter"), and that he had not been served with Appellant's brief by email or other means. Appellants have not responded to the motion to dismiss.

Court of Appeals Rule 6 (b) provides that all documents filed in this Court "shall show that copies have been served upon opposing counsel by United States Postal Service, personal service, or electronic service." Rule 6 (d) states, in relevant part:

> Parties utilizing electronic service shall *strictly adhere* to the following process: A party may serve a document via email if the filer certifies that, based upon a prior agreement with the recipient party, service of a PDF copy of the document via email will be deemed sufficient service.

(Emphasis supplied.) Under Rule 6 (f), "[a]ny document without a certificate of service or otherwise not in compliance with this rule shall not be accepted for filing."

In light of the uncontradicted evidence that Appellants failed to comply with Rule 6, we hereby STRIKE Appellants' brief from the record. See Court of Appeals Rule 6 (f). Under Court of Appeals Rule 23 (a), an appellant's failure to file a brief may result in the dismissal of the appeal. In the absence of a properly filed appellant's brief, Appellees' motion to dismiss is GRANTED and this appeal is DISMISSED.

We note that attorney Hardwick has also misrepresented the existence of a prior agreement for electronic service in Case Nos. A22A0545 and A22D0155. Hardwick is cautioned that "[r]epeated violations of this Court's rules or orders may result in the revocation of the violator's admission to practice before the Court of Appeals." Court of Appeals Rule 7 (d).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __02/01/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*